United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER DEL SALTO,<br>Plaintiff,<br>v.<br>AUCTION.COM, LLC,<br>Defendant. | Case No. 3:26-cv-07912-JSC<br>**ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING**<br>Re: Dkt. Nos. 10, 11 |

Plaintiff Alexander Del Salto filed this putative class action against Auction.Com, LLC alleging it installs third-party trackers on individuals' internet browsers when they visit the website www.auction.com in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and various California laws. As a review of the Complaint raised concerns about the Court's subject matter jurisdiction, the Court ordered Plaintiff to show cause (OSC) as to whether the Court has Article III standing over his claims. (Dkt. No. 10.) Having reviewed Plaintiff's response to the OSC (Dkt. No. 11), the Court DISMISSES this action for lack of subject matter jurisdiction.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* (citations omitted). Article III standing can be raised any time including sua sponte by the court. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). To establish standing sufficient to satisfy constitutional requirements, "a

plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc.*, 164 F.4th 701, 706 (9th Cir. 2026). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing his standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 594 U.S. at 425. In *Popa*, the Ninth Circuit addressed Article III standing in privacy cases such as this. *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025) There, the plaintiff alleged the defendant's session-replay technology captured her information while she browsed for pet supplies on a pet supply website. The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id.* at 786-87, 791. The court held the plaintiff had not established "how the tracking of her interactions ... caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* at 791. The court explained further "the kind of harm and not the degree" is relevant for determining whether an alleged injury-in-fact is concrete enough relative "to a specific common-law tort" and that the injury must be one "that has traditionally been actionable in our nation's legal system." *Id.*

The Complaint here alleges "Plaintiff Alexander Del Salto visited the Website in and around May 2026 to research real estate" and because the trackers are "found on the Website[,] when Plaintiff visited the Website, the Website's code—as programmed by Defendant—caused the Trackers to be installed on Plaintiff's browsers." (Dkt. No. 1 a ¶¶ 101-102.) There are no allegations as to what data was collected and shared, what targeted advertising Plaintiff received as a result, or how any such collection or use was highly offensive. Rather, the Complaint generically alleges the trackers collect "Plaintiff's and Class Members' identifying information and Website activity" and "IP addresses and other user behavior data." (*Id.* at ¶ 105.) Plaintiff's

response to the OSC similarly fails to identify what information was actually collected about Plaintiff and why any such collection was highly offensive. Instead, the response contends Auction.com's "tracking architecture" "create[ed] [] a persistent identifier for Del Salto," but does not specify what was actually collected beyond "his browsing activity across websites and sessions." (Dkt. No. 11 at 2.) Plaintiff's insistence that he has a privacy interest in "his real-estate research" is unavailing as he has not alleged any facts regarding what this research entailed. (*Id.* at 5 ("The Complaint does not identify any property, neighborhood, school, price range, search term, or other detail Del Salto viewed. Plaintiff does not ask the Court to assume one."). Whether a privacy interest "is infringed depends on whether the information at issue is actually personal and private" and whether it bears a "close relationship' to a 'harm traditionally recognized as providing a basis for a lawsuit in American courts.'" *Lien v. Talkdesk, Inc.*, No. 24-CV-06467, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (quoting *TransUnion*, 594 U.S. at 432). Plaintiff has made no such showing here, and his response shows he cannot make the required showing.

Accordingly, the Court dismisses this action for lack of subject matter jurisdiction without prejudice to Plaintiff pursuing his claims in state court.

**IT IS SO ORDERED.**

Dated: August 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge